LAND, J.
 

 On March 30, 1916, Hampton Reynolds entered into a written contract with the city of New Orleans for the construction of the Patterson Street road, from General Merrill to Stanton streets. On June 23, 1916, the plaintiff sublet this contract to Perry & Bonner, a partnership.
 

 The contract between Reynolds and the city provides that the contractor shall maintain the road for one year after completion and acceptance of the work, and the subcontract between Reynolds and Perry & Bonner contains a similar provision.
 

 As required by the subcontract, Perry & Bonner furnished a bond in favor of Reynolds in the sum of $6,000, with the United States Fidelity & Guaranty Company as surety for the performance of the maintenance clause for one year.
 

 The work was completed under the subcontract, and was accepted by the city of New Orleans, October 29, 1917. On January 16, 1918, the partnership existing between Perry & Bonner was dissolved, Bonner acquiring all of Perry's interest in the subcontract. The present suit has been instituted by Reynolds against Bonner and his surety to recover the sum of $7,228.46, alleged to be balance due for repair of road under the maintenance provision of the subcontract, the work of putting the road in repair having been undertaken by Reynolds for account of Bonner, and under the circumstances to be mentioned later on in this opinion.
 

 Judgment was rendered in favor of plaintiff and against Bonner and his surety in solido for the sum of $6,000 on the bond, and in favor of plaintiff and against Bonner personally in the additional sum of $1,228.46, with interest from judicial demand until paid. From this judgment the United States Fidelity & Guaranty Company has appealed. Bonner has not appealed.
 

 1. The demands of Reynolds .are resisted by the surety company on two grounds, to wit:
 

 
 *565
 
 (a) That the bond, under its terms, expired on October 29, 1918, and that the work for which Reynolds is suing was done after April 21, 1919, and was not commenced until six months after the termination of the maintenance period and the expiration of the bond.
 

 (b) That defendant surety company was not given notice of the default.of Bonner, its principal on the bond, as required by the conditions of the bond.
 

 The bond sued upon in this case contains the following conditions:
 

 “Whereas said principals (Perry & Bonner, succeeded by Bonner) entered into a certain written contract with the obligee dated the 23d day of June, 1916, for the construction of the oiled macadam road known as Patterson street, from General Merrill to Stanton streets in the city of New Orleans, in accordance with plans and specifications of the city of New Orleans, as per the terms and conditions of the contract evidenced by act of March 30, 1916, entered into before Robert Legier, notary public, between Hampton Reynolds and the city of New Orleans, which work has been completed and accepted by the said obligee under date of October 29, 1917; and
 

 “Whereas, it being a condition of said contract that the said principals shall guarantee and maintain the work performed by them under the contract for a period of one year from the completion and acceptance of the same:
 

 “Now, therefore, the condition of this obligation is such that if the said principals shall faithfully maintain said work performed by them under the contract, or if the said principals shall on demand remedy all defects in materials or workmanship on reasonable notice thereof for a period of one year from the 29th day of October, 1917, then this obligation shall be void, otherwise to remain in full force and effect:
 

 “Provided, however, that in the event of the said principals’ default hereunder, notice thereof shall be given said surety at its branch office in New Orleans, La., or its home office at Baltimore, Md., and an opportunity be given to inspect the said work and make the necessary repairs contemplated hereby if it shall elect so to do: And
 

 “Provided, further, that this bond shall terminate twelve months from October 29, 1917.”
 

 The present suit was instituted May 11, 1921. It is clear, however, that the concluding proviso in the bond was not intended to establish between Reynolds and the surety company a prescriptive period of one year from October 29, 1917, as to any action Reynolds might intend to bring against said company, in the event of the default of the principal upon the bond and of the failure of the surety to elect to do the work.
 

 This proviso is a mere redundance, or repetition, of the preceding clause in the bond as to the liability of the surety company for the maintenance of the road for one year from its completion and acceptance by the city of New Orleans, the plain intent and purpose of the proviso being to limit the period of the sure-' tyship or guaranty as to the upkeep of the road to 12 months, and no more, after its completion and final acceptance by the city of New Orleans.
 

 Plaintiff cannot be deprived of the statutory period of prescription as to actions on bonds, unless such is the clear intent of the parties to the contract. No reference is made in the bond in this case as to any time limit within which a suit shall be instituted by Reynolds, obligee in the bond, against the surety, and, in the absence of express agreement on that subject, it cannot be presumed that plaintiff has waived the benefit of the usual period of prescription prescribed by law as to actions upon personal obligations'.
 

 The main issue in the case is the contention of defendant surety company that plaintiff failed to give to it notice of the default of its principal, William S. Bonner, as the conditions of the bond require.
 

 We find from letters dated May 6, August 15, September 21, and October 14, 1918, written by Reynolds to Bonner, that repeated demands were made by Reynolds upon him to repair and put in good condition the Patterson Street road under the maintenance clause in the subcontract. At the same time, pressure was likewise being brought to bear upon Reynolds by the municipal authorities in or
 
 *567
 
 der to force him to comply with the maintenance clause in his own contract with the city of New Orleans.
 

 The letter of September 21, 1918, reads as follows:
 

 “September 21, 1918.
 

 “Perry & Bonner, Audubon Bldg., City— Gentlemen: As the maintenance period of the Patterson Street macadam road expires on September 29, 1918, I will ask that you please let me know at once what steps you have taken to have road put in proper shape for final inspection.
 

 “Yours very truly,
 

 “O/O to United States Fidelity & Guaranty Company, Whitney Bldg., City.”
 

 The testimony of Reynolds in connection with letter above quoted is as follows:
 

 “Q. Was that copy ever actually sent to the company in question?
 

 “A. Yes; I know that, because I instructed Mr. Duecase to send it, and I know it furthermore, because a day or two after this, Mn Bebout, of the United States Fidelity & Guaranty Company, rang me up and said he had gotten it, and he wanted to know what was best in my opinion to do about it, and he suggested that Mr. Bonner be permitted to do the maintenance work, as he was the most practical and most available man in New pr-leans, and he asked if it would be agreeable to me to let Bonner continue the work — the repair work — rather than put him in default and attémpt to get somebody else. I told him that would be agreeable to me.
 

 “Q. Who was Mr. Bebout?
 

 “A. Bebout was the manager of the United States Fidelity & Guaranty Company.”
 

 This testimony is not denied.
 

 Bonner had already been put in default May 7, 1918, and his attention had been called to complaints about the condition of the road.
 

 In the letter of August'15,1918, written by Reynolds to Bonner, it appears that this road was in an almost impassable condition at that time, and that Bonner was requested to make arrangements to put it in first-class condition for final inspection, as the maintenance period expired on October 29, 1918.
 

 The defense made by the surety company of want of notice of default of Bonner is extremely technical, under the circumstances of the case. The testimony of Reynolds shows that the manager of said company was well aware that the Patterson Street road had not been repaired under the maintenance clause by Bonner. It shows, further, that the surety company had no intention of inspecting this work and making the necessary repairs, the sole prarpose of notice to it of the default of its principal, since the manager of said company had urged Reynolds to secure the services of Bonner for that purpose “rather than put him in default and attempt to get somebody else.”
 

 Another most excellent reason why the surety company did not intend to make the repairs on its own account is because of the difficulty in securing the necessary men and material, and on account of the high cost of road construction, due to war conditions prevailing at the time.
 

 The notice given to defendant company by Reynolds afforded its manager an opportunity to inspect the road and to make the-necessary repairs had he so desired; and, in our opinion, defendant company has waived any more formal or complete notice of the default of its principal by its conduct in this case, even if the bond may be construed as requiring such notification.
 

 The bond does not require that defendant surety company be placed in default by-Reynolds, the obligee in the bond. The argument advanced by the surety company that it lost the opportunity of saving itself on the bond by doing the.work, because of informal or insufficient
 
 notice
 
 of the default of its principal, Bonner, does not impress us as being well founded. There is no proof in the case-that the work could have been done by the-surety company at any less cost. Said company could have inspected the road and made-the necessary repairs, had it so desired, since-it received Reynolds’ notice on or .about Sep
 
 *569
 
 tember 21, 1918, and the work was not completed by Reynolds until after April 21, 1919, or six months after the expiration of the maintenance period on October 29, 1918.
 

 It is to be observed, also, that the condition of the Patterson Street road was almost impassable in the middle of August, 1918, or over two months before the maintenance period expired in October, 1918.
 

 Therefore the liability of the surety company had fully accrued during the maintenance pferiod.
 

 Defendant company urges no other defenses in its brief filed in this court, and Bonner, the principal on the bond, has not appealed from the judgment rendered against him on the bond and personally in the lower court.
 

 Suffice it to say that the request of the manager of the United States Fidelity & Guaranty Company that Reynolds allow Bonner to continue the repair work resulted finally in a meeting between Reynolds, Bonner, Flynn, and Blakemore at the Grünewald Hotel on April 21, 1919. As shown by a fair preponderance of the evidence, the outcome of this conference was an agreement that Reynolds should undertake the work, under the foremanship of Flynn, and should charge all bills to the account of Bonner.
 

 During the progress of the work Bonner made certain payments, aggregating the sum of $3,105.74, for which he has received due credit leaving a balance of .$7,228.46 due Reynolds on the work completed by him on Bonner’s account, subject to certain credits accruing during the pendency of this suit.
 

 We see no good reason why plaintiff should not recover from defendant surety company the amount due, after the allowance of all proper credits. When Bonner failed in his payments to Reynolds for work done, he defaulted on the maintenance clause of the subcontract, and the sole purpose of the bond given in this case is to indemnify Reynolds against any loss he might suffer, in the event of nonperformance by Bonner and his surety as to the maintenance clause in the subcontract let to Bonner by Reynolds as contractor.
 

 The following agreement between counsel in the cáse has been filed in this court:
 

 “It is admitted that on October 26, 1925, there was paid to Hampton Reynolds out of a fund due to W. S. Bonner and seized by Hampton Reynolds, the sum of three thousand, four hundred ninety and 76/100 dollars ($3,490.76), which is to be credited on the judgment in favor of Hampton Reynolds and against United States Fidelity & Guaranty Company should the judgment appealed from be affirmed. In that event, there should be interest allowed on tbe full amount of the judgment up to October 26, 1925, and interest on the balance from that date until paid.”
 

 The judgment,rendered in favor of Reynolds against defendant surety company is for $6,000, with legal interest from judicial demand.
 

 Applying the credit of $3,490.76 to this judgment, there is left a balance of $2,509.24 due on same, with legal interest from judicial demand on the sum of $6,000 up to October 26, 1925, the date of the payment of the credit, and with legal interest from that date on the sum of $2,509.24 until paid.
 

 It is therefore ordered that the judgment appealed from be amended, so as to apply the credit of $3,490.76 to the judgment of $6,000 rendered in favor of plaintiff against defendant surety company, and also so as to allow legal interest from judicial demand on the said sum of $6,000, the amount of said judgment, up to October 26, 1925, and legal interest on the balance of $2,509.24, until paid.
 

 It is now ordered that said judgment as amended be affirmed, at the cost of defendants.
 

 O’NIELL, C. J., is of the opinion that the $3,496.76 should be credit on the judgment of $7,228.46, leaving a balance of $3,737.70 due by both defendants in solido.